UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT C. GEHRING, JR., | § | No. SA:14–CV–545–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SAN ANTONIO POLICE | § | |
| DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND
(2) DENYING AS MOOT PLAINTIFF'S MOTION TO DISMISS DEFENSE
COUNSEL

Before the Court are a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant San Antonio Police Department ("Defendant" or "SAPD") (Dkt. # 4) and a Motion to Dismiss Defense Counsel filed by Plaintiff Robert C. Gehring ("Plaintiff") (Dkt. # 6.)  On January 15, 2015, the Court heard oral argument on Defendant's Motion to Dismiss.  Plaintiff appeared pro se at the hearing on behalf of himself; Mark Kosanovich, Esq., appeared at the hearing on behalf of Defendant.  After reviewing the Motions, and considering the parties' arguments at the hearing, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 4) and **DENIES AS MOOT** Plaintiff's Motion to Dismiss Defense Counsel (Dkt. # 6).

1

BACKGROUND

Plaintiff's complaint states that on February 2, 2012, Plaintiff was traveling northbound on his motorcycle on San Pedro Avenue in San Antonio, Texas. (Dkt. # 1 ¶ 1.) He states that a vehicle entered his lane and struck his motorcycle from behind, causing severe physical injuries and extensive property damage. (Id.) The vehicle pulled into a nearby parking lot and the vehicle's occupants, two women and one man, approached Plaintiff. (Id. ¶ 2.) According to Plaintiff, one of the women said to him, "at least we stopped, see how I turned that on you[?]" while the male occupant threw a white sheet over him. (Id.) Plaintiff states that a passerby stopped and asked whether he should call 911, to which Plaintiff responded "yes." (Id.)

Some time later, Plaintiff asserts that an ambulance and "someone claiming to be a San Antonio Police Officer" arrived at the scene. (Id. ¶ 3.) Plaintiff claims to have heard one of the paramedics say to the vehicle's occupants, "this guy is really hurt, you said this was supposed to be an act of religion." (Id.) Plaintiff was transported to a hospital. (Id.) Plaintiff states that while he was being treated for his injuries, a female nurse reported that "a gun (firearm) was pulled on her and threatened not to help plaintiff and that the Jehovah's Witnesses were out to get him [sic]." (Id.) Plaintiff further claims that someone dressed in a police uniform stated that the person who arrived with the ambulance claiming to be a

San Antonio Police Officer was not in fact a police officer. (Id.) Finally, Plaintiff claims that when he arrived at the hospital, he was rolled onto his side and someone tried to force an object into his anus. (Id. ¶ 4.)

Plaintiff states that after he was released from the hospital, he purchased a copy of the police report from the February 2 incident. (Id. at ¶ 5.) According to Plaintiff, the police report he purchased named an officer "P. Vera," while the report he attached to his complaint names a "Henry Vera." (Id.) Plaintiff claims that he visited the San Antonio Police Department and asked whether "Vera" was an officer carrying the badge number 1201. (Id.) Plaintiff states that the officer he spoke with was unable to answer his question, and that he called the Police Department several times but received conflicting answers. (Id.) Specifically, Plaintiff states that he was contacted by someone claiming to be an investigator named Vic Mackie. (Id.) While watching television, Plaintiff realized that Vic Mackie is a fictional character on a program called The Shield. (Id.)

On September 24, 2014, Defendant filed the Motion to Dismiss that is now before the Court. (Dkt. # 4.) Plaintiff did not file a response, but on October 14, 2014, filed a Motion to Dismiss Defense Counsel on the grounds that (1) Defendant repeatedly misquoted Plaintiff, resulting in prejudice to Plaintiff; (2) a police report should not be accepted without question; and (3) defense counsel has failed to give straight answers. (Dkt. # 6.)

3

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id.

## DISCUSSION

Defendant moves to dismiss under Rule 12(b)(6) on the grounds that the SAPD is not an independent legal entity capable of being sued. (Dkt. # 4 at 4.) The Court agrees. The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In order to sue a city department in Texas, the department "must enjoy a separate legal existence." Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). In other words, the department must be "a separate and distinct corporate entity." Id. Thus, unless the political entity that created the department has taken explicit steps to grant the servient agency with jural authority," the servient agency may not sue or be sued. Id.

The City of San Antonio created the SAPD as a department of the city government. San Antonio Charter, art. V, § 50(3). However, the City has reserved to itself the power to sue and be sued. Id., art. I, § 3, par. 1. Because the City has not granted the SAPD with the powers to sue and be sued, the SAPD is not an appropriate defendant and must be dismissed. See Martinez v. City of San Antonio, No. SA–11–CV–0891 FB (NN), 2012 WL 719920, at *1 (W.D. Tex. Mar. 5, 2012) ("Because the City [of San Antonio] has not taken explicit steps to

give the [SAPD] jural authority, the Department may not sue or be sued.  Because [Plaintiff] has named a defendant that cannot be sued, [Plaintiff's] claims against the Department fail to state a claim upon which relief may be granted.  Because an amended complaint cannot cure that deficiency, the claims against the Department are appropriately dismissed."); Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio, No. SA–10–CV–361–XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 5, 2010) (granting motion to dismiss the San Antonio Police Department as a defendant because the City of San Antonio did not grant jural authority to the police department).

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss (Dkt. # 4).  Plaintiff's claims against the San Antonio Police Department are **DISMISSED**, and Plaintiff's complaint is **DISMISSED** without prejudice.  The Court **DENIES AS MOOT** Plaintiff's Motion to Dismiss Defense Counsel.  (Dkt. # 6.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, January 15, 2015.

_____
David Alan Ezra
Senior United States Distict Judge